IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSE SANTOS CORTEZ,**

                **Petitioner,**

        v.                                    CASE NO. 07-3065-SAC

**STATE OF KANSAS, et al.,**

                **Respondents.**

### O R D E R

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner confined in the Finney County Jail in Garden City, Kansas. Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Having reviewed petitioner's allegations, the court finds the petition should be dismissed without prejudice.

An application for a writ of habeas corpus under § 2254 may not be granted unless it appears the applicant has either exhausted state court remedies, or demonstrated that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. § 2254(b)(1). *See also* <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies). This exhaustion requirement is designed to give the state district and appellate courts a full and

fair opportunity to resolve any federal constitutional claim before such a claim is presented to a federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999).

Here, petitioner states he was convicted in January 2007 in Finney County District Court for the sale or distribution of cocaine. Petitioner alleges error in the sentence imposed by the Finney County District Court in February 2007. In response to questions in the form § 2254 petition, petitioner cites his "appeal" to the Finney County District Court, and states he sought further review by a higher state court by filing the instant petition in the United States District Court for the District of Kansas.

Because the instant pleading clearly reveals that petitioner has not yet presented his allegations of error to the *state appellate courts* as required by <u>O'Sullivan</u>, the court concludes this matter should be dismissed without prejudice because petitioner has not yet exhausted state court remedies.

To any extent petitioner's habeas application can or should be liberally construed as a misdirected notice of appeal for filing in the state district court, the clerk's office is directed to substitute a copy of petitioner's form petition for the original pleading in the record, and to forward the original pleading to the Finney County District Court for that court's review.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

The clerk's office is directed to forward the original pleading to the Finney County District Court, and to place a copy of the petition in this court's record.

**IT IS SO ORDERED.**

DATED:  This 27th day of March 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge